[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10802

Non-Argument Calendar

_____

BLANCA NORA BOYZO QUIROZ,
EVELENE PEREZ BOYZO,
CARLOS PEREZ BOYZO,
EDGAR ALONZO PEREZ BOYZO,

                                                              Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

                                                              Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A244-009-408

_____

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and GRANT, Circuit Judges.

PER CURIAM:

Blanca Nora Boyzo Quiroz, a native of Mexico, petitions *pro se* and on behalf of her three minor children for review of an order affirming the denial of her applications for asylum and withholding of removal under the Immigration and Nationality Act and for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. 8 U.S.C. §§ 1158(a), 1231(b)(3). The Board of Immigration Appeals affirmed that Boyzo Quiroz was ineligible for asylum and withholding of removal because she had not established that Mexico was unable or unwilling to protect her or that she was unable to relocate. The Board also agreed that Boyzo Quiroz was ineligible for relief under the Convention because she had not established that she would be tortured in Mexico by or at the acquiescence of its officials. We deny the petition.

We review only the decision of the Board, except to the extent that the Board expressly adopted or agreed with the immigration judge's decision. *Jathursan v. U.S. Att'y Gen.*, 17 F.4th 1365, 1372 (11th Cir. 2021). We review factual findings for substantial

evidence and must affirm if the findings are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (citation and internal quotation marks omitted). We can reverse "only if the record compels reversal, and the mere fact that the record may support a contrary conclusion is insufficient to justify reversal." *Id.* (citation and internal quotation marks omitted). We review claims of legal error *de novo*. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010). We do not address Boyzo Quiroz's challenges that the Board did not address, *see Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016), and we liberally construe Boyzo Quiroz's *pro se* brief to challenge each of the Board's findings, *see Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1331 n.2 (11th Cir. 2019).

Substantial evidence supports the finding that Boyzo Quiroz had not established that Mexico was unable or unwilling to protect her. To establish persecution by a private actor, an asylum applicant must prove that her "home country is unable or unwilling to protect" her. *Ayala*, 605 F.3d at 950. The record supports a finding that, although Mexicans suffer from violence, gang activity, and ineffective investigation and prosecution of crimes, Mexico is trying to combat organized crime. Boyzo Quiroz testified that she did not know the names of the men who harmed her when she reported the violence by cartel members to police, so the immigration judge found that even though she stated the police did nothing for her, there was insufficient information for them to help her. The record does not compel reversal of the finding that she had not established

that the Mexican government was unable or unwilling to protect her.

Substantial evidence also supports the finding that Boyzo Quiroz failed to establish a well-founded fear of future persecution because internal relocation in Mexico was reasonable. "An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality." 8 C.F.R. § 1208.13(b)(2)(ii). Boyzo Quiroz testified that she lived in Morelia for two and a half months without seeing her attackers. Although she was in hiding, she did not provide evidence that the cartel members would follow her to Morelia or to another town when they targeted her for operating a business in a specific part of her town. Boyzo Quiroz also testified that she had family still living in Mexico that had not experienced incidents of violence. The record does not compel reversal of the finding that Boyzo Quiroz could reasonably relocate. And Boyzo Quiroz's failure to establish that she is eligible for asylum necessarily defeats her argument that she is otherwise eligible for withholding of removal. *See Martinez v. U.S. Att'y Gen.*, 992 F.3d 1283, 1290 n.2 (11th Cir. 2021).

To the extent Boyzo Quiroz argues that the Board conflated the legal standard for asylum with that for relief under the Convention, we disagree. The Board affirmed the immigration judge's decision describing the correct legal standard and considering all relevant evidence, which included whether there was evidence of past torture. *See K.Y. v. U.S. Att'y Gen.*, 43 F.4th 1175, 1181 (11th Cir.

24-10802              Opinion of the Court                    5

2022) (holding that courts must consider all relevant evidence, including whether the applicant experienced past torture, whether the applicant could avoid future torture by relocating within the country, and evidence about wider country conditions). And substantial evidence supports the finding that Boyzo Quiroz had not established that it was more likely than not she would be tortured in Mexico by or with the acquiescence of its officials because the police filed a report for her and the government is trying to combat the cartels, even if unsuccessfully. *See Sanchez-Castro v. U.S. Att'y Gen.*, 998 F.3d 1281, 1288 (11th Cir. 2021) (holding that a government does not acquiesce to torture by non-state actors so long as it combats the unlawful activity, even if it is unsuccessful).

We **DENY** the petition for review.